# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KEVIN WILLIAMS, on behalf of himself and all others similarly situated,**<br><br>　　　　　　　　　**Plaintiff,**<br>v.<br><br>**SIMPLEXITY, LLC,**<br><br>　　　　　　　　　**Defendant.** | **Civ. Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) **Violation of WARN Act 29 U.S.C. § 2101, et seq.**<br><br>(2) **Violation of Wage Payment laws:**<br><br>　　a. Maryland Wage Payment and Collection Act, § 3-507, et seq.<br><br>　　b. Virginia Payment of Wage Law § 40.1-29 |

Plaintiff Kevin Williams ("Plaintiff") alleges on behalf of himself and a class of similarly-situated former employees against Simplexity, LLC ("Simplexity" or "Defendant"), by and through their counsel, as follows:

## NATURE OF THE ACTION

1.　On or about March 12, 2014, Defendant terminated without notice the employment of approximately 350 full-time employees.

2.　Plaintiff brings this action on behalf of himself, and other similarly-situated former employees who were terminated without cause by Simplexity, as part of, or as the foreseeable result of, plant closings or mass layoffs, and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

3.　Plaintiff and all similarly-situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 1332(d), and 29 U.S.C. § 2104(a)(5).

5. This court has personal jurisdiction over Simplexity because this entity is incorporated in this judicial district, and therefore, resides here.

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391 because this is the judicial district in which Simplexity is incorporated.

## THE PARTIES

*Plaintiff*

7. Plaintiff Kevin Williams was employed by Defendant, and worked at the Defendant's facility located at 9301 Peppercorn Pl., Largo, Maryland (the "Largo Facility") until his termination on or about March 12, 2014. Defendant also operated a facility located at 10790 Parkridge Blvd., Suite 200, Reston, Virginia (the "Reston Facility") (together "the Facilities").

*Defendant*

8. Defendant Simplexity is a Delaware corporation with their principal place of business located at the Reston Facility, and conducted business in this district.

9. Defendant is in the business of creating customized eCommerce storefronts and providing cell phone activation services.

10. Upon information and belief, Defendant Simplexity made the decisions that gave rise to the terminations of the Plaintiff and other similarly-situated former employees in a mass layoff or plant closing without providing 60-days' advance notice.

## WARN ACT CLASS ALLEGATIONS

11. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly-situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to Defendant's Facilities and were terminated without cause on or about March 12, 2014, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or about March 12, 2014, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

12. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

13. On information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

14. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

15. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    i. whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    ii. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

       iii. whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

16. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at or reported to Defendant's Facilities and was terminated by Defendant without cause on or about March 12, 2014, in mass layoffs and/or plant closings, as defined by 29 U.S.C. § 2101(a)(2), (3).

17. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

18. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

19. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Fed. R. Civ. P. Rule 23.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION - WARN ACT

21. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

22. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

23. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

24. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate together as a "business enterprise" and decided to effect mass layoffs or plant closings at the Facilities.

25. At all relevant times, Plaintiff and the other similarly-situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

26. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

27. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings by Defendant at the Facilities.

28. The Plaintiff and the Class Members are "affected employees" of the Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

29. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

30. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

31. The Plaintiff, and each of the Class Members, are "aggrieved employees" of the Defendant, as that term is defined in 29 U.S.C. § 2104 (a)(7).

32. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

### SECOND CAUSE OF ACTION: UNPAID WAGES - MARYLAND

33. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

34. The Plaintiff on behalf of similarly situated employees who worked at or reported to Defendant's facility in Maryland seek payment of all unpaid wages in violation of the Maryland Wage Payment and Collection Act, Labor & Employment Code § 3-507 et seq. plus interest at the legal rate from the date each amount first came due.

35. Pursuant to Labor & Employment Code § 3-507 .2(b) they seek liquidated damages equal to treble their unpaid wages plus reasonable attorneys' fees.

### THIRD CAUSE OF ACTION: UNPAID WAGES - VIRGINIA

36. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

37. The Plaintiff on behalf of similarly situated employees who worked at or reported to Defendant's facility in Virginia seek payment for all unpaid wages in violation of Virginia Payment of Wage Law, § 40.1-29 of the Code of Virginia, plus penalties for each violation.

38. Defendant's withholding of wages was willful and subject to a $1,000 penalty per violation plus interest and attorneys' fees pursuant to § 40.1-29 (F).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly-situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. Judgments in favor of Plaintiff Plaintiff and all similarly-situated former employees for failure to pay wages under the Maryland Wage Payment and Collection Act, Labor & Employment Code § 3-507 et seq. and Virginia Payment of Wage Law, § 40.1-29, plus liquidated damages, penalties, interest and attorneys' fees; and

F. Such other and further relief as this Court may deem just and proper.

Dated:  March 13, 2014

Respectfully submitted,

By:   /s/ Frederick Rosner_____
Frederick Rosner (DE #3995)
Julia Klein (DE #5198)
**The Rosner Law Group LLC**
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005

*Attorneys for the Plaintiff and the putative class*